**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

David Jerome Clough, Jr.

    v.                                  Civil No. 08-cv-114-JL

Warden, New Hampshire State Prison

**REPORT AND RECOMMENDATION**

    Pro se petitioner David Jerome Clough, Jr. has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his New Hampshire state court conviction (document no. 1).  The petition is before me for preliminary review.  See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings).  For the reasons stated below, I recommend that the petition be dismissed without prejudice to refiling.

**Background**

    Convicted on March 29, 2006 by the New Hampshire Superior

Court (Strafford County) of aggravated felonious sexual assault, Clough was sentenced to a term of imprisonment. He is currently incarcerated at the New Hampshire State Prison ("NHSP").

Clough filed a direct appeal of his conviction with the New Hampshire Supreme Court ("NHSC") in which he raised the following claim: the trial court erred by denying his motion for a thirty-day continuance so that he could retain the services of an expert in the field of parental alienation syndrome. In an unpublished order dated June 29, 2007, the NHSC affirmed his conviction. See New Hampshire v. Clough, No. 06-0465, slip op. at 1 (June 29, 2007). The NHSC reasoned that "[w]hether to grant or deny a continuance is within the trial court's sound discretion." Id. (citing State v. Saucier, 128 N.H. 291, 295 (1986)). The court added that "[h]aving reviewed the record before us, including the trial court's discussion with counsel in which it articulated its reasons for denying the request and agreed to defense counsel's proposal to use the expert funding to confer with an additional expert, we find no error." Id. Clough did not seek further appellate review.

He now brings the instant petition in which he raises only one ground for federal habeas corpus relief: the trial court

erred by denying his motion for a thirty-day continuance so that he could retain the services of an expert in the field of parental alienation syndrome. The claim raised in his federal petition is identical to the claim raised in his state court appeal.

## Standard of Review

In reviewing a pro se petition, this Court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

## Discussion

I.  Custody and Exhaustion

To be eligible for habeas relief, Clough must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is

not required, such as the absence of an available or effective state corrective process).  See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995).  He satisfies the first requirement as he is currently incarcerated at the NHSP and thus is in custody.  However, Clough fails to satisfy the second requirement because the petition does not demonstrate that he has exhausted state remedies with regard to the federal nature of the claim, if any, raised in his federal petition.  Nor has he alleged any facts to suggest that effective state court remedies are unavailable to him.

   A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365–66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with

powers of discretionary review, thereby alerting that court to the federal nature of the claim)).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."  Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

In the instant petition, Clough raises only one ground for federal habeas corpus relief.  The essence of his claim is that the trial court failed to grant his motion for a continuance so that he could retain an expert.  While Clough presented his claim to the NHSC for review, he failed to identify and present the federal nature of the claim.  Consequently, his claim is not fully exhausted for purposes of federal habeas review.  For the reasons stated above, I recommend that the petition be dismissed, but without prejudice to re-filing should Clough wish to exhaust the federal nature of his claim in the New Hampshire state courts.

Should Clough proceed in the state courts, he must identify and present the federal nature of his claim; for example, if he intends to allege a violation of his Sixth and Fourteenth

Amendment rights, he should identify such claims in his state court appeal. He is further instructed to comply with the one-year statute of limitations and is cautioned to proceed immediately if he elects to exhaust state remedies.[1]

### Conclusion

For the reasons stated above, I recommend that Clough's habeas corpus petition be dismissed without prejudice to refiling.

If this Report and Recommendation is approved, the claims as identified herein will be considered for all purposes to be the claims raised in the petition. If the petitioner disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this Report and Recommendation, or he must properly move to amend the petition.

---

[1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, requires that prisoners file applications for writs of habeas corpus within one year from the date on which the challenged judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). This limitation period begins to accrue from the date of the final disposition of any direct appeal to the state court of last resort and the conclusion of certiorari review by the United States Supreme Court, or the running of the ninety-day period in which to seek such review. 28 U.S.C. § 2244(d)(1)(A).

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Committee v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: June 12, 2008

cc:   David Jerome Clough, Jr., pro se