```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

David Jerome Clough, Jr.

 v.             Civil No. 08-cv-114-JL

Warden, New Hampshire State Prison

### ORDER

Before the court is a request to lift the stay (doc. no. 18-2) pending in this petition for writ of habeas corpus under 28 U.S.C. § 2254, and a motion for leave to file an amended § 2254 petition (doc. no. 18), filed by David Jerome Clough, Jr., naming the New Hampshire State Prison ("NHSP") Warden as the respondent. The matter is before me for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules"); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d) (authorizing magistrate judge to conduct preliminary review of pro se pleadings). As explained more fully below, I grant the motion, order the stay lifted, and direct service upon the respondent Warden, Richard M. Gerry.

### Standard of Review

Under LR 4.3(d)(2), when an incarcerated plaintiff or

petitioner commences an action pro se, the magistrate judge conducts a preliminary review. In a preliminary review, pro se pleadings are construed liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pleading filed pro se should be dismissed for failing to state a claim on which relief could be granted, the Court must consider whether the allegations, construed liberally, Erickson, 551 U.S. at 94, "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___,

129 S. Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted). Determining if the pleadings state a viable claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

## Background

Convicted in 2006 of one count of aggravated felonious sexual assault, Clough was sentenced to a term of imprisonment. He is currently incarcerated at the New Hampshire State Prison.

Clough filed a direct appeal of his conviction with the New Hampshire Supreme Court ("NHSC"). The NHSC affirmed his conviction.

Thereafter, Clough filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court. Clough's original section 2254 petition (doc. no. 1) raised only one ground for

federal habeas corpus relief:  the trial court erred by denying his motion for a thirty-day continuance so that he could retain the services of an expert in the field of parental alienation syndrome.  Finding that the NHSC had not been alerted to the federal nature of the claim, this Court stayed the petition on August 18, 2008, pending Clough's exhaustion of his state court remedies.  <u>See</u> Order (doc. no. 8).  The Order staying the petition directed Clough to notify this Court after the NHSC issued a ruling on his claims.  <u>See</u> <u>id.</u>  Clough filed his motion to amend his petition (doc. no. 18) in response to that Order.

Clough has notified this Court that he has elected to forego his claim for habeas corpus relief based on the trial court's failure to grant a 30-day continuance.  <u>See</u> Ltr. to Clerk (doc. no. 18-2).  The amended petition, filed with Clough's motion (doc. no. 18), sets forth the following new claims for federal habeas corpus relief[1]:

>  1.  Defense counsel's failing to provide Clough with a copy of all discovery, so that he could better assist in his defense, violated Clough's Sixth Amendment right to the effective assistance of counsel.

---

[1] The identification of the claims set forth herein shall be considered for all purposes to be the claims raised in the § 2254 petition.  If Clough disagrees with this identification of the claims, he must move for reconsideration of this aspect of the Order or move to amend the petition.

2.    Defense counsel's mentioning in his opening statement that he worked for the Office of the Public Defender violated Clough's Sixth Amendment right to the effective assistance of counsel.

3.    Defense counsel's introduction of prejudicial evidence of prior bad acts violated Clough's Sixth Amendment right to the effective assistance of counsel.

4.    Defense counsel's failure to investigate and produce alibi witnesses violated Clough's Sixth Amendment right to the effective assistance of counsel.

5.    The prosecutor engaged in misconduct in violation of Clough's right to due process and a fair trial under the Fifth and Fourteenth Amendments by repeatedly using the term "we" in his closing argument to vouch for witnesses by asserting the power and prestige of his office.

## Discussion

To be eligible for habeas relief, Clough must show for each claim: (1) that he is in custody; and (2) that he has either exhausted all of his state court remedies or is excused from exhausting those remedies because of an absence of available or effective state corrective processes.  See 28 U.S.C. § 2254(a) & (b).  Clough's incarceration satisfies the custody requirement.  Furthermore, the record before me indicates that Clough has exhausted his state court remedies as to each claim asserted in the amended petition.

## Conclusion

I hereby grant Clough's motion for leave to file an amended

5

§ 2254 petition (doc. no. 18). I order the stay entered on August 18, 2008 (doc. no. 8) lifted. I direct that the amended petition be served upon Richard M. Gerry, NHSP Warden. The respondent shall file an answer, motion, or other response to the allegations made therein. See § 2254 Rule 4 (requiring reviewing judge to order response to petition).

The Clerk's office shall serve copies of this Order and the amended habeas petition (doc. no. 18) upon the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service. Respondent shall file an answer, motion, or other response within thirty (30) days of the date of this Order. The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted. See § 2254 Rule 8 (providing circumstances under which hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties. Such service is to be made by mailing the material to the parties' attorney(s).

**SO ORDERED.**

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date:   December 7, 2009

cc:     David Jerome Clough, Jr., pro se